THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| AMEDEO NAPPI, | |
|---|---|
| Plaintiff, | NO. CV07-5256 BHS |
| v. | |
| FEDEX GROUND PACKAGE SYSTEM, INC., | ORDER ON STIPULATION FOR PROTECTIVE ORDER |
| Defendant. | |

BEFORE THE COURT is Plaintiff, Amedeo Nappi's, and Defendant, FedEx Ground Package System, Inc.'s, d/b/a FedEx Ground ("FedEx's"), stipulation to the following conditions and terms associated with producing and using the FedEx Authorized ShipCenter Agreement for Self Service Storage in Philadelphia, Pennsylvania, dated May 24, 2006:

1.     FedEx will produce for purposes of this litigation only, and for use in this litigation only, the May 24, 2006 FedEx Authorized ShipCenter Agreement ("Agreement") for Self Service Storage in Philadelphia, Pennsylvania.

2.     The Agreement will be produced by FedEx to Plaintiff, Amedeo Nappi, only, and only after Plaintiff, Amedeo Nappi, has duly executed and returned both this

ORDER ON STIPULATION FOR PROTECTIVE ORDER (CV07-5256 BHS) - 1

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

623891.1/009365.00049

1  Stipulation for Protective Order and the Non-Disclosure Agreement attached hereto as
2  Exhibit "A."

3      3.    The Agreement itself is, and also contains, FedEx's propriety information
4  for which FedEx has a protectable interest.  Its dissemination in any form or fashion and
5  by any means, and the dissemination of any information contained therein in any form or
6  fashion and by any means, is therefore, by this Stipulation for Protective Order and the
7  Non-Disclosure Agreement, strictly forbidden, prohibited, and proscribed.

8      4.    Nothing in this Stipulation for Protective Order or the Non-Disclosure
9  Agreement will preclude either Plaintiff, Amedeo Nappi, or FedEx from offering the
10 Agreement into evidence at trial, if a trial becomes necessary.

11     5.    If Plaintiff, Amedeo Nappi, or FedEx has heretofore attached the
12 Agreement to any pleadings already filed with the Court, or hereafter attaches the
13 Agreement to any pleadings to be filed with the Court, it is stipulated that said attachment
14 was, and that said attachment will be, only in either its redacted form as previously
15 produced, or under seal.

16     6.    The Agreement and all copies and reproductions thereof in any fashion,
17 form, and kind, shall be returned to FedEx or completely destroyed within thirty (30)
18 days after this lawsuit ends in this Court, or within thirty (30) days after the final ruling if
19 an appeal is taken.

20     7.    If Plaintiff, Amedeo Nappi, elects to destroy the Agreement, he will certify
21 that the Agreement and all copies and reproductions thereof in any fashion, form, and
22 kind, were destroyed within thirty (30) days after this lawsuit ended in this Court, or
23 within thirty (30) days after the final ruling if an appeal was taken.

24     8.    This Stipulation for Protective Order and the Non-Disclosure Agreement
25 are effective as to Plaintiff, Amedeo Nappi, and FedEx on the respective dates they are
26 signed by him and it.

ORDER ON STIPULATION FOR PROTECTIVE
ORDER (CV07-5256 BHS) - 2

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

623891.1/009365.00049

THE PARTIES, Plaintiff, Amedeo Nappi, and FedEx having so stipulated, and the Court acknowledging that stipulation, HEREBY ORDERS that:

1. FedEx will produce for purposes of this litigation only, and for use in this litigation only, the May 24, 2006 FedEx Authorized ShipCenter Agreement ("Agreement") for Self Service Storage in Philadelphia, Pennsylvania.

2. The Agreement will be produced by FedEx to Plaintiff, Amedeo Nappi, only, and only after Plaintiff, Amedeo Nappi, has duly executed and returned both the Stipulation for Protective Order and the Non-Disclosure Agreement attached thereto as Exhibit "A."

3. The Agreement itself is, and also contains, FedEx's propriety information for which FedEx has a protectable interest. Its dissemination in any form or fashion and by any means, and the dissemination of any information contained therein in any form or fashion and by any means, is therefore, strictly forbidden, prohibited, and proscribed.

4. Nothing in the Stipulation for Protective Order or the Non-Disclosure Agreement will preclude either Plaintiff, Amedeo Nappi, or FedEx from offering the Agreement into evidence at trial, if a trial becomes necessary.

5. If Plaintiff, Amedeo Nappi, or FedEx has heretofore attached the Agreement to any pleadings already filed with the Court, or hereafter attaches the Agreement to any pleadings to be filed with the Court, said attachment was, and said attachment will be, only in either its redacted form as previously produced, or under seal.

6. The Agreement and all copies and reproductions thereof in any fashion, form, and kind, shall be returned to FedEx or completely destroyed within thirty (30) days after this lawsuit ends in this Court, or within thirty (30) days after the final ruling if an appeal is taken.

7. If Plaintiff, Amedeo Nappi, elects to destroy the Agreement, he will certify that the Agreement and all copies and reproductions thereof in any fashion, form, and

ORDER ON STIPULATION FOR PROTECTIVE ORDER (CV07-5256 BHS) - 3

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

623891.1/009365.00049

1 kind, were destroyed within thirty (30) days after this lawsuit ended in this Court, or
2 within thirty (30) days after the final ruling if an appeal was taken.

    Dated March 3, 2008.

                                    _____
                                    BENJAMIN H. SETTLE
                                    United States District Judge

Presented by:

_____
AMEDEO NAPPI, PRO SE PLAINTIFF

FEDEX GROUND PACKAGE SYSTEM, INC.,
d/b/a FEDEX GROUND

BY:  /s/ Thomas W. Southerland III
Thomas W. Southerland III, Esquire
Federal Express Corporation
3620 Hacks Cross Road
Building B, Third Floor
Memphis, Tennessee 38125
Telephone: 901-434-8538
Admitted *Pro Hac Vice* by Order
dated May 29, 2007

*LOCAL COUNSEL:*
SHORT CRESSMAN & BURGESS PLLC
999 Third Avenue, Suite 3000
Seattle, Washington 98104-4088
Telephone: (206) 682-3333

ORDER ON STIPULATION FOR PROTECTIVE
ORDER (CV07-5256 BHS) - 4

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

623891.1/009365.00049